# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHER DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| THE COMMUNITY CHURCH OF CHESTERLAND OHIO, JESS PEACOCK, MEGAN CARVER, and CONSTANCE BECKER, §§§§§ Plaintiffs, § § v. § § § AIMENN D. PENNY, CHRIS UTHE, BRANDON PERDUE, SHERRI PERDUE, and UNNAMED MEMBERS OF WHITE LIVES MATTER OHIO §§§§§§ Defendants. § | Civil Action No. 1:24-cv-00642-BMB |

## **VERIFIED MOTION TO RECONSIDER AND FOR ADDITIONAL RELIEF**

COMES NOW Jason Lee Van Dyke, attorney for Chris Uthe, in the above-numbered and styled case and moves that this Honorable Court reconsider its docket entry order entered on June 17, 2024 at or around 12:54 pm EDT. As grounds therefore, Movant states as follows:

### I.

On June 17, 2024, this Court entered an order in this proceeding compelling Movant to file certain documents in this case and to appear for a hearing on July 22, 2024 at 1:00 p.m. The Court has ordered both Movant and his client to participate together with all other counsel of record in this case. This hearing is not related to the

dispute between the parties to this proceeding: it concerns a matter governed by Local Rule 83.7.

**II.**

Movant respectfully objects to the Court's requirement that he be compelled to submit to a hearing of this nature that will be part of the record in the above-numbered and styled case. Local Rule 83.7(d) mandates that, except as otherwise provided by Local Rule 83.7, all proceedings of this nature are to occur before the Court's Committee on Complaints and Policy Compliance ("the Committee"). Furthermore, Rule 83.7(f)(2)(B) mandates that hearings of the type ordered by the Court in this case occur before the Committee. Additionally, the context of Rule 83.7(f) clearly contemplates that, in proceedings of this nature, the Court acts through the Committee.

Movant asks that this Court vacate its order entered in this cause on June 17, 2024 and, should the Court deem necessary, refer this matter to the Committee for further proceedings.

**III.**

In the event that the Court declines to vacate its order and refer this matter to the Committee, Movant respectfully brings Local Rule 83.7(l) to this Courts attention which states that records in proceedings such as this "shall not be publicly disclosed or made available for use in any other proceeding except upon order of this Court." Accordingly, Movant objects to this Court's requirement that he file for the public record in this case documents that are not to be publicly disclosed pursuant to Local Rule 83.7(l). Furthermore, Movant respectfully objects to this Court's directive that any

parties participate in this hearing aside from Movant himself. To the extent that this Court's order for a Zoom hearing in this matter is an order compelling a public hearing, Movant also objects to a public hearing under Local Rule 83.7(l).

If the Court declines to refer this matter to the Committee, this Court should order that all documents filed in this proceeding (including this motion) be filed under seal. Additionally, a hearing conducted by the Court in this matter should not be open to the public. It certainly should not be open to opposing counsel

### IV.

Movant will be travelling internationally beginning on July 20, 2024 and will not be returning to the United States of America until at least July 30, 2024. The location to which Movant will be traveling is understood to be remote and without access to the Internet or even to traditional telephone service. This is a long overdue vacation for Movant which has been paid for in advance and painstakingly planned for over a year since the death of Movant's law partner due to suicide in August of 2023. Accordingly, Movant will not be available for a hearing on July 22, 2024. Movant prays that, if this Court does not refer this matter to the Committee, any hearing on this matter be rescheduled for the month of August 2024.

### V.

WHEREFORE, PREMISES CONSIDERED, Movant prays that this Court make a docket entry vacating its order entered on or around 12:54 EDT on June 17, 2024 and, if the Court deems it appropriate to do so, refer the matter referenced in that order to the Court's Committee on Complaints and Policy Compliance. Movant also prays that the

Court enter an order sealing its docket entry, this motion, and any order on this motion pursuant to Local Rule 83.7(l).

Alternatively, should this Court decline to refer this matter to the Committee, Movant prays that this Honorable Court enter an order:

(a) compelling the clerk of the court to seal its docket entry, this motion, and any order entered by the Court on this motion pursuant to Local Rule 83.7(l);

(b) permitting that any written submission mandated by this Court relating to this matter be sealed pursuant to Local Rule 83.7(l);

(c) resetting the oral hearing on this matter so as to not interfere with Movant's international travel between July 20, 2024 and July 30, 2024;clarifying that any oral hearing conducted on this matter shall be non-public and prohibiting participation by any person other than Movant and, to the extent the Court deems necessary, his client.

Date:  June 6, 2024

                                      Respectfully submitted,

                                      **MAGANA & VAN DYKE, PLLC**

                                      <u>/s/ Jason Lee Van Dyke</u>
                                      Jason Lee Van Dyke
                                      State Bar No. 24057426
                                      1417 E. McKinney Street, #110
                                      Denton, TX 76209
                                      P – (940) 382-1976
                                      F – (469) 453-3031
                                      Email:  jason@maganavandyke.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2024, a true and accurate copy of the foregoing were served via ECF procedures of this Court to all counsel of record.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE
