IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE COMMUNITY CHURCH OF CHESTERLAND OHIO, *et al.*, | ) ) ) | CASE NO. 1:24-cv-00642 |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| AIMENN PENNY, *et al.*, | ) | **ORDER** |
| Defendants. | ) ) | |

This matter is before the Court on attorney Jason Van Dyke's motion for reconsideration of this Court's June 17, 2024 Order. (Doc. No. 15.) The motion is **GRANTED** in part and **DENIED** in part.

Plaintiffs initiated this action on April 10, 2024. (Doc. No. 1.) On June 6, 2024, Mr. Van Dyke filed a notice of appearance on behalf of one of the defendants, Chris Uthe. (Doc. No. 8.) Through that notice, Mr. Van Dyke informed the Court that he was admitted to practice law in the Northern District of Ohio. (*Id.*) As detailed in this Court's June 17, 2024 Order, the Office of the Clerk of Courts for the Northern District of Ohio informed the Court that Mr. Van Dyke may have been the subject of disciplinary proceedings which had not been properly disclosed pursuant to Local Rule 83.7. As such, this Court ordered Mr. Van Dyke to appear at a hearing on July 22, 2024 to assess compliance with Local Rule 83.7. The Order mandated attendance by Mr. Van Dyke's client, along with all counsel of record. The Order also required Mr. Van Dyke to file a written submission addressing the issues, with supporting documentation if necessary.

Mr. Van Dyke then filed a motion for reconsideration of this Court's June 17, 2024 Order. (Doc. No. 15.) In that motion, Mr. Van Dyke argued that a hearing on the record in this

case would not be proper, and that instead, the Court should refer Mr. Van Dyke if it thought necessary to the Court's Committee on Complaints and Policy Compliance (the "Committee"). (Doc. No. 15, PageID #111.)  If the Court proceeded without referral to the Committee, Mr. Van Dyke requested that any written submission relating to this issue be filed under seal and that the July 22 hearing be closed to the public, including opposing counsel.  (*Id.* at PageID #111–12.) Lastly, Mr. Van Dyke requested that the Court move the date of the July 22 hearing due to travel conflicts.  (*Id.* at PageID #112.)

The Court declines to vacate its June 17, 2024 Order and refer this issue to the Committee in the first instance.  The issue is properly before this Court because Mr. Van Dyke agreed to represent a defendant in this case and filed a notice of appearance.  The Court is obligated, and must assure itself, that Mr. Van Dyke can continue to appear in this matter in this District.  Article III judges do not hand the administration of their dockets over to any committee.  Instead, Committee action, if any, is separate and distinct from this Court's inquiry into whether Mr. Van Dyke can appear in this matter.

The Court also declines to allow Mr. Van Dyke to file documents relating to this issue under seal or conduct the hearing *ex parte*.  As an initial matter, the information relating to Mr. Van Dyke's disciplinary actions are a matter of public record.  *See, e.g.*, *In re Van Dyke*, 886 S.E.2d 811 (Ga. 2023).  The underlying criminal actions that led to those disciplinary proceedings are also, presumably, a matter of public record.  Indeed, one of the disciplinary actions specifically references a misdemeanor case.  Put simply, the public disciplinary actions and records since 2013 this Court seeks are not currently sealed, and the Court finds no basis to seal that same information in this proceeding.  *See In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919 (6th Cir. 2019) (describing standards for sealing court documents); *Shane Grp., Inc. v.*

*Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016) (same).  There is a presumption in favor of public access to judicial proceedings, much as there is a presumption that matters pertaining to ongoing litigation will include all parties and counsel of record.  Mr. Van Dyke's submission does not overcome these presumptions, largely because, as stated above, the Court's inquiry will involve (1) publicly available information, (2) whether Mr. Van Dyke disclosed those proceedings in accordance with Local Rule 83.7, and (3) whether he can continue to represent a party in this action.

The Court declines Mr. Van Dyke's request to seal its June 17, 2024 Order for the same reasons.  To the extent Mr. Van Dyke believes information or records are not publicly available or the information otherwise meets this Court's Local Rules and the Sixth Circuit's standard for sealing documents and information, Mr. Van Dyke may make a proper motion to redact that portion of the filing.  If Mr. Van Dyke believes that certain information should not be disclosed to opposing counsel, he may make such motion either in writing or at the hearing.

Lastly, Mr. Van Dyke requests that this Court reschedule the hearing date because of his travel conflict.  The Court grants Mr. Van Dyke's request and reschedules the hearing for August 7, 2024 at 12:00 p.m. EST.

**IT IS SO ORDERED.**

**Date**:  June 18, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE