IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE COMMUNITY CHURCH OF CHESTERLAND OHIO, JESS PEACOCK, MEGAN CARVER, and CONSTANCE BECKER, | § § § § § | Civil Action No. 1:24-cv-00642-BMB |
| Plaintiffs, | § § | |
| v. | § § § | |
| AIMENN D. PENNY, CHRIS UTHE, BRANDON PERDUE, SHERRI PERDUE, and UNNAMED MEMBERS OF WHITE LIVES MATTER OHIO | § § § § § | |
| Defendants. | § | |

**COUNSEL'S WRITTEN SUBMISSION TO THE COURT**

COMES NOW Jason Lee Van Dyke, attorney for Chris Uthe, in the above-numbered and styled case and makes this written submission to the Court in obedience to its order entered on June 17, 2024.

## I.      INTRODUCTION

The undersigned counsel has been licensed to practice law for over seventeen years and is currently serving as a partner at Magana & Van Dyke, PLLC in Denton County, Texas. As a partner at Magana & Van Dyke, counsel has taken on substantial pro bono and other reduced cost legal work pursuant to his duty as an American and as an officer of this Court to defend the rights of persons such as Mr. Uthe who are unable to afford legal counsel or who are unable to obtain counsel due to the nature of the

allegations against him. Counsel's practice with respect to First Amendment issues does not only extend to First Amendment advocacy: since returning to the practice of law in November of 2020 counsel has been approved for misdemeanor, felony, and juvenile court appointments in the county of his residence (Wise County, Texas) as well as in Young County, Texas. Counsel would welcome this Court to reach out to the Judge Smith and Judge Lowery in Wise County, as well as Judge Graham, Judge Gregory, and retired Judge Bristow in Young County should it have any concerns about counsel's present ability to comport himself professionally or to represent his clients diligently and well.

Counsel's penchant for undertaking pro bono representation of individuals such as Mr. Uthe is not without its inconveniences. In the America of 2024 there are a great number of people who believe that the Mr. Uthe's of the world have no legal rights worthy of protection. Through tactics commonly referred to as "lawfare", they seek to silence dissenting views and chill speech expressing political opinions outside of the mainstream. One of their tactics in accomplishing this end is precisely what ultimately mandated this submission: an anonymous and cowardly correspondence to the clerk of this court submitted with the intention of making it more costly and burdensome for Mr. Uthe to defend himself against a lawsuit brought against him by a well-funded political adversary and with nearly unlimited legal resources. As counsel is legally authorized to practice law before this Court and is licensed to practice law in multiple other jurisdictions, there is no legal basis for the Court to prohibit him from continuing to represent Mr. Uthe.

## II. COUNSEL IS AUTHORIZED TO APPEAR IN THIS MATTER

Counsel's interpretation of this Court's original docket entry order in this matter was clarified by its order on his motion to reconsider. Counsel incorrectly believed, based upon the wording of the order, that the purpose of the submission and the mandated hearing was to conduct an attorney discipline proceeding. Local Rule 83.7(d)(1) states that all attorney discipline proceedings of the U.S. District Court in and for the Northern District of Ohio are handled by the Committee on Complaints and Policy Compliance (the "Committee"). The only exception to this provision appears to be Local Rule 83.7(e), which empowers the Chief Judge to act on behalf of the Court in ordering interim suspension for serious crimes. Local Rule 83.7(e)(1). However, after the entry of such an order, the Chief Judge is mandated to refer the matter to the Committee. Local Rule 83.7(e)(2). This Court's order provided important clarification: the Court merely appears to be inquiring as to whether counsel is currently authorized to practice law. ECF 16.

Counsel is licensed to practice law in Texas, Colorado, Georgia, and the District of Columbia. He is also licensed to practice before this Court and numerous other federal courts including, but not limited to, the United States Supreme Court, the Fifth Circuit Court of Appeals, the Sixth Circuit Court of Appeals, the Eighth Circuit Court of Appeals, the U.S. District Court for the District of North Dakota, the U.S. District Court for the Eastern District of Michigan, and the U.S. District Courts for the Northern,

Eastern, and Western Districts of Texas. He is currently in good standing in all of the jurisdictions in which he is licensed to practice.

A current certificate of good standing from the state in which counsel most regularly practices is attached hereto as Exhibit "M". Although Counsel has not been ordered by this Court to provide it with copies of any certificates of good standing from all jurisdictions in which he is licensed, he would be happy to provide this documentation to the Court upon request. Counsel also wishes the Court to note that his admissions to the Sixth Circuit, the Eighth Circuit, and the U.S. District Court for the District of North Dakota were all approved *after* the imposition of the disciplinary actions referenced in this submission. See e.g. Ex. O and P.

### III.    POST-ADMISSION DISCIPLINE

The Court has ordered by this Court to disclose all disciplinary actions taken against him since being admitted to practice before this Court in 2013. In obedience to the orders of the Court, counsel now discloses the following disciplinary actions.

**A. First Disciplinary Action**

This discipline originated in the State of Texas for misconduct that was alleged to have occurred on or around October 3, 2017. The final disciplinary judgment was entered on December 28, 2018. A true and correct copy of the disciplinary judgment is attached hereto as Exhibit "A".

Only Colorado and the District of Columbia elected to pursue reciprocal discipline. Those reciprocal disciplinary judgments are attached as follows:

| Exhibit "B" | - | Colorado[1] (entered March 4, 2019) |
|---|---|---|
| Exhibit "C" | - | District of Columbia[2] (entered June 6, 2019) |

Counsel was punished by a six month fully probated suspension from the practice of law in these cases.

## B.  Second Disciplinary Action

This discipline originated in the State of Texas for misconduct that was alleged to have occurred on or around March 1, 2018. The final disciplinary judgment was entered on February 21, 2019. A true and correct copy of the disciplinary judgment is attached hereto as Exhibit "D".

Only Colorado and the District of Columbia elected to pursue reciprocal discipline. The District of Columbia imposed reciprocal discipline in this case at the same time as it did for the first instance of discipline. See Ex. C. Additionally, reciprocal discipline was imposed in this matter by Colorado on May 8, 2019. A copy of that judgment is attached hereto as Exhibit "E".[3] Counsel was punished by a one-year suspension from the practice of law in each of these cases, with the first three months actively served and the remainder probated.

---

[1]
https://coloradosupremecourt.com/pdj/Decisions/Van%20Dyke,%20Reciprocal%20Discipline,%2019PDJ021,%203-4-19.pdf (accessed: June 18, 2024)
[2] This case was decided together with the second disciplinary action below.
[3]
https://coloradosupremecourt.com/pdj/Decisions/Van%20Dyke,%20Reciprocal%20Discipline,%2019PDJ027,%2005-08-19.pdf (accessed: June 18, 2024)

## C.  Third Disciplinary Action

This disciplinary action originated in the State of Texas for misconduct that was alleged to have occurred on or around September 18, 2018. The final disciplinary judgment was entered on May 1, 2020. A true and correct copy of the disciplinary judgment is attached hereto as Exhibit "F".

The following jurisdictions elected to pursue reciprocal discipline. Specifically:

| | | |
|---|---|---|
| Exhibit "G" | - | Colorado (entered May 15, 2020)[4] |
| Exhibit "H" | - | District of Columbia (entered December 23, 2020) |
| Exhibit "I" | - | U.S. District Court for the Eastern District of Texas (entered June 12, 2020) |
| Exhibit "J" | - | U.S. District Court for the Northern District of Texas (entered June 11, 2020; reinstatement December 4, 2020) |

In addition to the foregoing, Counsel submits a copy of the order from the U.S. District Court for the Eastern District of Texas noting his prior reinstatement on probation (and discharging him from the probated portion of his suspension) as Exhibit "K" and incorporates the same by reference herein. In each of these case, Counsel was punished by an eighteen month suspension from the practice of law with the first six months actively served and the remainder probated.

---

[4]

https://coloradosupremecourt.com/pdj/Decisions/Van%20Dyke,%20Conditional%20Admission%20of%20Misconduct,%2020PDJ026,%2005-15-20.pdf (accessed June 20, 2024)

### D.  Georgia Discipline

With respect to all of the discipline referenced above, the State of Georgia took only a single disciplinary action against counsel, which became final on April 18, 2023. It should be noted that this disciplinary action was for the same misconduct for which he had been disciplined in the third disciplinary action (as set forth above). A true and correct copy of the judgment is attached hereto as Exhibit "L". As Counsel had already been disciplined for the misconduct which formed the basis for Georgia disciplinary action, no jurisdiction elected to pursue reciprocal discipline against him based upon that disciplinary judgment.

Although counsel was not formally disciplined in Georgia for the events which formed the basis for the first and second disciplinary actions, Respondent was punished by a three-year suspension from the practice of law *nunc pro tunc to* February 29, 2019 (the day he voluntarily stopped practicing law in Georgia due to the pending disciplinary action). The Georgia Supreme Court noted, in accepting this sanction pursuant to the recommendation of the Special Master, that this was an amount of time equal to total length of all the suspensions (both actively served and probated) issued in Texas. See Ex. L.

### IV.    COMPLIANCE WITH DISTRICT COURT RULES

### A.    The First Disciplinary Action Was Timely Reported To The Court

Counsel disclosed the discipline referenced in the subsection titled "First Disciplinary Action" above to this Court, and to every other court in which he was

licensed to practice, immediately after receiving a copy of this notice from the attorney who represented him in that proceeding. Counsel received no notification from the Court to appear, show cause, or otherwise take any action with respect to this discipline and speculated that this is because the term of suspension imposed in that case was fully probated. However, it should be noted that counsel did not timely report the reciprocal disciplinary actions taken by Colorado and Washington D.C. in that matter because he was under the mistaken impression at the time that reporting was required only for original disciplinary actions.

**B.  Disciplinary Orders Entered After December 28, 2018 and Before May 15, 2020 Were Not Timely Disclosed To The Clerk of This Court**

Counsel admits that he was initially negligent complying with his obligations under the local rules. Counsel offers no excuse for his initial negligence in complying with the local rules: he believes that an attorney should always keep himself apprised of the rules of practice in every jurisdiction in which he is licensed. However, shortly after the imposition of the May 2020 discipline, Judge Jeremy D. Kernodle of the U.S. District Court in and for the Eastern District of Texas sternly admonished counsel (in the written order attached as Exhibit "I") concerning the importance of these obligations. It was at that point, in June of 2020, that Counsel took action to remediate his negligence in reporting these disciplinary actions to all courts.

Local Rule 83.7(f) does not specify a time limit for an attorney's compliance with the rule: it merely states that that an attorney subject to public discipline "shall promptly inform the Clerk of this Court of such action." For the purpose of this submission,

Counsel considers a reporting within thirty (30) days to be sufficiently prompt to ensure compliance with the rule. By this standard, Counsel failed to disclose the various orders relating to both the second and the third disciplinary action to this Court until June of 2020 (at which point Counsel recalls mailing <u>all orders</u> not yet disclosed in a single manilla envelope to each court requiring disclosure).

 While counsel makes no excuse for his initial neglect in informing the court of the various matters addressed by Local Rule 83.7, he feels that this Court is entitled to an explanation for his neglect in this regard. Counsel was stalked in an ongoing, tenacious, and particularly vicious fashion by a highly motivated and sadistic individual beginning in March of 2017. During this time, Counsel witnesses the complete destruction of a law practice and career that he worked hard to build from scratch. He was alienated from nearly all of his friends and from most of his family and was unemployed except for irregular activities as a hunting lease agent, census enumerator and pest control technician between March 1, 2019 – November 1, 2020. He was forced to sell his home to avoid foreclosure and began living in a property purchased as a "stop-gap" by his father. He attempted numerous methods to stop the stalking: multiple lawsuits against his stalker proved ineffective, pleas to law enforcement fell on deaf ears, and state bar disciplinary authorities simply did not care.

 The chronic stress and anxiety caused by being stalked for an extended period of time seriously affected Counsel's mental health and well-being. It was compounded when Respondent was accused of a misdemeanor that he did not commit (this misdemeanor is the subject of the discipline addressed in the section above labeled May

1, 2020). However, prior to being ordered to do so, Counsel sought mental health counseling beginning in mid-to-late 2017. This typically consisted of weekly in-person sessions from that time until Counsel was discharged from counseling in October of 2019. It was at that time that Counsel resolved to take charge of his own recovery and began attending confidential programs offered by the Lawyer's Assistance Program of the State Bar of Texas (including "Lawyers Concerned for Lawyers") in his area. Counsel's participation in these programs continued until these programs were discontinued due to the COVID-19 pandemic. However, counsel has continued his own recovery through the therapeutic techniques and mindset-centric training he learned about in such programs and counseling sessions.

Counsel has, in other proceedings, been very open about the fact that he was in a particularly dark place during the time of his life during which he neglected his obligations. He recalls feeling as though he was completely alone in the world and as though there was no hope for his future. In February of 2019, counsel failed to see how there was any possibility of returning to the practice of law. It took over fifteen months for him to recover and find his way forward and begin correcting the mistakes he had made previously. He has not had any disciplinary issues since returning to the practice of law in November of 2020.

Counsel reiterates that he does not offer the problems he was facing in his personal life as an excuse. He is hopeful that an explanation will provide the Court with an understanding of the personal challenges Respondent faced and that it will accept his apology for the matters that were not timely disclosed under Local Rule 83.7.

**C.**    **All Disciplinary Orders Entered Between May 15, 2020 and April 18, 2023 Were Timely Disclosed to the Clerk**

Assuming *arguendo* that this Honorable Court agrees with Counsel's assumption that a notification to the Clerk within thirty (30) days is reasonably prompt to comply with Local Rule 83.7(f)(1), Counsel can represent that all orders imposing public discipline entered between those dates were promptly disclosed to the Clerk of this Court. The last such disclosure occurred on or around April 18, 2023, when Counsel received notice of the Georgia discipline.

**D.**    **Proof of Compliance with Local Rule 83.7(f)**

Counsel received no notices of reciprocal discipline from this Court with respect to the first disciplinary action. Although his reporting with respect to disciplinary orders entered after December 28, 2018 and before May 15, 2020 would have been late, Counsel sent multiple manilla envelopes to multiple courts on or around June 15, 2020 containing all disciplinary orders which had not been disclosed up until that point. Additionally, public disciplinary judgments entered on December 23, 2020 and April 18, 2023 were mailed to the Clerk of the Court in a timely manner. However, counsel never received any notices from any court concerning additional disciplinary actions taken against him.

Counsel speculates that the reason disciplinary action was not taken against him in a majority of these cases is because disclosure was made during the height of the COVID-19 pandemic, where many courts were operating with reduced staff. Local Rule 83.7(f) does not specify a U.S. mail address to which all such required correspondence is

to be sent and, quite frankly, Counsel has no record of and cannot independently recall which of the clerks offices in the Northern District of Ohio he sent notice during this period. Counsel does recall that the disciplinary judgments were sent my regular U.S. mail for three reasons: (1) the COVID-19 pandemic made certified mail with signed return receipts impractical at the time; and (b) the local rules do not specify that the clerk is to be notified by any specific method, and furthermore, both the Local Rules and the Federal Rules of Civil Procedure contemplate the sufficiency of service by regular U.S. mail. See Local Rule 83.7(k) (service on the respondent attorney is by regular US mail); Fed. R. Civ. P. 5(b)(2)(C) (service by regular mail permitted). Suffice to say, Counsel cannot produce a signed return receipt bearing the signature of a representative of the Court's clerk.

Counsel declines to speculate on why some Courts chose to impose discipline and others did not. In fact, Counsel is aware of at least one instance of a court suspending him without notice or opportunity to be heard. When contacting the U.S. District Court for the Western District of Texas (by regular U.S. mail) concerning the Georgia discipline, counsel learned that the Court had suspended him (without notice or hearing) as a result of the May 1, 2020 discipline imposed by Texas. Counsel then tendered a certified letter to that court concerning the lack of notice and was promptly reinstated. A true and correct copy is attached hereto as Exhibit "M".

## V.    CURRENT DISCIPLINARY PROCEEDINGS

Counsel does not presently have any disciplinary proceedings pending against him.

## VI.    CRIMINAL OFFENSES

Other than traffic violations punishable by a fine only, counsel has not been convicted of any criminal offenses since becoming licensed to practice before this Court. Counsel was placed on deferred adjudication community supervision after a plea of *nolo contendere* to the misdemeanor offense referenced in the Texas disciplinary order dated May 1, 2020 and the Georgia disciplinary order dated April 18, 2023 (as well as the other reciprocal discipline orders). Counsel was discharged from deferred adjudication community supervision in that cause and the case was dismissed on or around February 26, 2021. The Honorable Coby Waddill of the Denton County Criminal Court No. 5 signed an order of non-disclosure, making the matter non-public, several days after Counsel's discharge from deferred adjudication (on or around March 1, 2021). Should the Court desire this documentation, Counsel would be happy to furnish it. However, as these documents are not available to the public, he would request permission to file them under seal.

## VII.    CONCLUSION & PRAYER

The express purpose of this submission and the hearing on the same is, as the Court stated in its order, to determine both compliance with the Local Rules and also to determine whether Counsel may continue representing Mr. Uthe. The issue concerning the Local Rules is fully briefed above but is separate and distinguishable from the question of whether Counsel may continue representing Mr. Uthe. As this is not an

attorney discipline proceeding, the ultimate question is whether Counsel is (a) duly admitted and authorized to practice law before the U.S. District Court in and for the Northern District of Texas; and (b) remains admitted, in good standing with, and authorized to practice in the highest court of any state, territory, the District of Columbia, an insular possession, or in any other district court of the United States. The answer to both of these questions is "YES".  Accordingly, Counsel prays that this Honorable Court take no further action concerning these matters.

Date:  July 11, 2024

Respectfully submitted,

**MAGANA & VAN DYKE, PLLC**

/s/ Jason Lee Van Dyke
Jason Lee Van Dyke
State Bar No. 24057426
1417 E. McKinney Street, #110
Denton, TX 76209
P – (940) 382-1976
F – (469) 453-3031
Email:  jason@maganavandyke.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2024, a true and accurate copy of the foregoing were served via ECF procedures of this Court to all counsel of record.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE