BEFORE THE DISTRICT 14 GRIEVANCE COMMITTEE
EVIDENTIARY PANEL 14-2
STATE BAR OF TEXAS

| | |
|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, Petitioner | § § § § |
| V. | § § CASE NO. 201707583 |
| JASON LEE VAN DYKE, Respondent | § § § |

## AGREED JUDGMENT OF PARTIALLY PROBATED SUSPENSION

### Parties and Appearance

On this date, came to be heard the above-styled and numbered cause. Petitioner, Commission for Lawyer Discipline (Petitioner) and Respondent, **JASON LEE VAN DYKE** (Respondent), Texas Bar Number **24057426**, announce that an agreement has been reached on all matters including the imposition of a Partially Probated Suspension.

### Jurisdiction and Venue

The Evidentiary Panel 14-2, having been duly appointed to hear this complaint by the chair of the Grievance Committee for State Bar of Texas District 14, finds that it has jurisdiction over the parties and the subject matter of this action, and that venue is proper.

### Professional Misconduct

The Evidentiary Panel, having considered the pleadings, admissions, stipulations and agreements of the parties, finds Respondent has committed Professional Misconduct as defined by Rule 1.06(W) of the Texas Rules of Disciplinary Procedure.

### Findings of Fact

Petitioner and Respondent agree to the following findings of fact. Accordingly, the Evidentiary Panel finds:

1. Respondent is an attorney licensed to practice law in Texas and is a member of the State Bar of Texas.

2. Respondent resides in and maintains his principal place of practice in Denton County, Texas.

3. There is legally sufficient evidence to prove by a preponderance of the evidence that on or about March 1, 2018, Respondent made threats of physical violence to Complainant Thomas C. Retzlaff, thereby committing criminal acts that reflect adversely on Respondent's honesty, trustworthiness or fitness as a lawyer.

4. The Chief Disciplinary Counsel of the State Bar of Texas has incurred reasonable attorney's fees and direct expenses associated with this Disciplinary Proceeding in the amount of Seven Thousand Five Hundred and No/100 Dollars ($7,500.00).

## Conclusions of Law

Petitioner and Respondent agree that, based on the foregoing findings of fact, the following Texas Disciplinary Rule of Professional Conduct has been violated. Accordingly, the Evidentiary Panel concludes that the following Texas Disciplinary Rule of Professional Conduct has been violated: Rule 8.04(a)(2).

## Sanction

It is **AGREED** and **ORDERED** that the sanction of a Partially Probated Suspension shall be imposed against Respondent in accordance with the Texas Rules of Disciplinary Procedure.

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED** that Respondent be suspended from the practice of law for a period of twelve (12) months, beginning March 1, 2019, and ending February 29, 2020, provided Respondent complies with the following terms and conditions. Respondent shall be actively suspended from the practice of law for a period of three (3) months beginning March 1, 2019, and ending May 31, 2019. If Respondent complies with all of the following terms and conditions timely, the nine (9)

month period of probated suspension shall begin on June 1, 2019, and shall end on February 29, 2020:

1. Respondent shall pay all reasonable and necessary attorney's fees and direct expenses to the State Bar of Texas in the amount of Seven Thousand Five Hundred and No/100 Dollars ($7,500.00). The payment shall be due and payable on or before May 31, 2019, and shall be made by certified or cashier's check or money order made payable to the State Bar of Texas. Respondent shall forward the funds to the State Bar of Texas, to the Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701).

2. Respondent shall seek mental health treatment. Prior to May 31, 2019, Respondent shall submit to a psychological evaluation and Respondent shall instruct the mental health professional to confirm to Petitioner, in writing, when Respondent has completed same. Further, Respondent shall instruct the mental health professional to provide Petitioner with written updates that confirm that Respondent is continuing therapy/counseling with said provider and that Respondent is continuing therapy/counseling with said provider and that confirm that Respondent is compliant with the provider's recommendations.

   Respondent shall sign any HIPAA release necessary for the limited purpose of the mental health professional confirming with Petitioner:

   a. That Respondent completed the psychological evaluation; and
   b. That Respondent is compliant with the mental health professional's recommendations.

   The substance of the evaluation and/or therapy shall not be released to Petitioner or to the public.

3. Respondent shall make contact with the Chief Disciplinary Counsel's Offices' Compliance Monitor at 877-953-5535, ext. 1334 and Special Programs Coordinator at 877-953-5535, ext. 1323, not later than seven (7) days after receipt of a copy of this judgment to coordinate Respondent's compliance.

Should Respondent fail to comply with all of the above terms and conditions timely, Respondent shall remain actively suspended until the date of compliance or until February 29, 2020, whichever occurs first.

## Terms of Active Suspension

It is further **ORDERED** that during the term of active suspension ordered herein, or that may be imposed upon Respondent by the Board of Disciplinary Appeals as a result of a probation revocation proceeding, Respondent shall be prohibited from practicing law in Texas; holding himself out as an attorney at law; performing any legal services for others; accepting any fee directly or indirectly for legal services; appearing as counsel or in any representative capacity in any proceeding in any Texas or Federal court or before any administrative body; or holding himself out to others or using his name, in any manner, in conjunction with the words "attorney at law," "attorney," "counselor at law," or "lawyer."

It is further **ORDERED** that, on or before March 1, 2019, Respondent shall notify each of Respondent's current clients and opposing counsel in writing of this suspension.

In addition to such notification, it is further **ORDERED** Respondent shall return any files, papers, unearned monies and other property belonging to current clients in Respondent's possession to the respective clients or to another attorney at the client's request.

It is further **ORDERED** Respondent shall file with the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701), on or before March 1, 2019, an affidavit stating all current clients and opposing counsel have been notified of Respondent's suspension and that all files, papers, monies and other property belonging to all current clients have been returned as ordered herein.

It is further **ORDERED** Respondent shall, on or before March 1, 2019, notify in writing each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice of each and every court or tribunal in which Respondent has any

matter pending of the terms of this judgment, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Respondent is representing.

It is further **ORDERED** Respondent shall file with the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701), on or before March 1, 2019, an affidavit stating Respondent has notified in writing each and every justice of the peace, judge, magistrate, and chief justice of each and every court in which Respondent has any matter pending of the terms of this judgment, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Respondent is representing in Court.

It is further **ORDERED** that, on or before March 1, 2019, Respondent shall surrender his law license and permanent State Bar Card to the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701), to be forwarded to the Supreme Court of Texas.

### Terms of Probation

It is further **ORDERED,** that if Respondent has complied with all terms and conditions set forth above in a timely manner entitling Respondent to a period of this suspension being probated, Respondent shall be under the following terms and conditions:

1. Respondent shall not violate any term of this judgment.
2. Respondent shall not engage in professional misconduct as defined by Rule 1.06(W) of the Texas Rules of Disciplinary Procedure.
3. Respondent shall not violate any state or federal criminal statutes.
4. Respondent shall keep State Bar of Texas membership department notified of current mailing, residence and business addresses and telephone numbers.
5. Respondent shall comply with Minimum Continuing Legal Education requirements.

6. Respondent shall comply with Interest on Lawyers Trust Account (IOLTA) requirements.

7. Respondent shall promptly respond to any request for information from the Chief Disciplinary Counsel in connection with any investigation of any allegations of professional misconduct.

8. Respondent shall make contact with the Chief Disciplinary Counsel's Offices' Compliance Monitor at 877-953-5535, ext. 1334 and Special Programs Coordinator at 877-953-5535, ext. 1323, not later than seven (7) days after receipt of a copy of this judgment to coordinate Respondent's compliance.

### Probation Revocation

Upon information that Respondent has violated a term of this judgment, the Chief Disciplinary Counsel may, in addition to all other remedies available, file a motion to revoke probation pursuant to Rule 2.23 of the Texas Rules of Disciplinary Procedure with the Board of Disciplinary Appeals (BODA) and serve a copy of the motion on Respondent pursuant to Tex.R.Civ.P. 21a.

BODA shall conduct an evidentiary hearing. At the hearing, BODA shall determine by a preponderance of the evidence whether Respondent has violated any term of this Judgment. If BODA finds grounds for revocation, BODA shall enter an order revoking probation and placing Respondent on active suspension from the date of such revocation order. Respondent shall not be given credit for any term of probation served prior to revocation.

It is further **ORDERED** that any conduct on the part of Respondent which serves as the basis for a motion to revoke probation may also be brought as independent grounds for discipline as allowed under the Texas Disciplinary Rules of Professional Conduct and Texas Rules of Disciplinary Procedure.

### Attorney's Fees and Expenses

It is further **ORDERED** Respondent shall pay all reasonable and necessary attorney's fees and direct expenses to the State Bar of Texas in the amount of State Bar of Texas in the amount of Seven Thousand Five Hundred and No/100 Dollars ($7,500.00). The payment shall be due and payable on or before May 31, 2019, and shall be made by certified or cashier's check or money order made payable to the State Bar of Texas. Respondent shall forward the funds to the State Bar of Texas, to the Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701).

It is further **ORDERED** that all amounts ordered herein are due to the misconduct of Respondent and are assessed as a part of the sanction in accordance with Rule 1.06(Z) of the Texas Rules of Disciplinary Procedure. Any amount not paid shall accrue interest at the maximum legal rate per annum until paid and the State Bar of Texas shall have all writs and other post-judgment remedies against Respondent in order to collect all unpaid amounts.

It is further **ORDERED** that Respondent shall remain actively suspended from the practice of law as set out above until such time as Respondent has completely paid attorney's fees and direct expenses to the State Bar of Texas in the amount of Seven Thousand Five Hundred and No/100 ($7,500.00).

### Publication

This suspension shall be made a matter of record and appropriately published in accordance with the Texas Rules of Disciplinary Procedure.

### Other Relief

All requested relief not expressly granted herein is expressly DENIED.

SIGNED this _____ day of February, 2019.

SIGNED this_day of February, 2019.

**EVIDENTIARY PANEL 14-2**
**DISTRICT NO. 14 STATE BAR OF TEXAS**

_____
Harold "Rick" Frederick Hagen
District 14, Panel 14-2 Presiding Member

**AGREED AS TO BOTH FORM AND SUBSTANCE:**

/s/ Jason Van Dyke
_____
Jason Lee Van Dyke
State Bar No. 24057426
**Respondent**

_____
Kristin Virginia Brady State Bar No.
24082719 **Counsel for Petitioner**

/s/ Alan K. Taggart
_____
Alan K. Taggart
State Bar No. 19608474
Counsel for Respondent