CAUSE NO. CV20-02-085

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE | § § § | IN THE DISTRICT COURT OF |
| v. | § § | WISE COUNTY, TEXAS |
| JASON LEE VAN DYKE (File No. 201807880) | § § § | 271st JUDICIAL DISTRICT |

## AGREED JUDGMENT OF PARTIALLY PROBATED SUSPENSION

### Parties and Appearance

On this day, came to be heard the above-styled and numbered cause. Petitioner, Commission for Lawyer Discipline (Petitioner), and Respondent, **JASON LEE VAN DYKE** (Respondent), Texas Bar Number **24057426**, by and through his attorney of record, Alan K. Taggart, announce that an agreement has been reached on all matters including the imposition of a Partially Probated Suspension.

### Jurisdiction and Venue

The Court finds that being specially appointed by the Texas Supreme Court, it has jurisdiction over the parties and the subject matter of this action, and that venue is proper in Wise County, Texas.

### Professional Misconduct

The Court, having considered the pleadings and the agreement of the parties, finds that Respondent, based on his plea of nolo contendere, has committed Professional Misconduct as defined by Rule 1.06(CC) of the Texas Rules of Disciplinary Procedure by violating Texas Disciplinary Rules of Professional Conduct 8.04(a)(2) and 8.04(a)(3). The allegations of professional misconduct were brought to the attention of the State Bar of Texas by a complaint filed by Thomas C. Retzlaff.

### Sanction

It is **AGREED** and **ORDERED** that the sanction of a Partially Probated Suspension shall be imposed against Respondent in accordance with the Texas Rules of Disciplinary Procedure. The sanction imposed against Respondent is the appropriate sanction for the violations set forth in this judgment.

Accordingly, it is **ORDERED**, **ADJUDGED** and **DECREED** that Respondent be suspended from the practice of law for a period of eighteen (18) months, beginning May 1, 2020, and ending October 31, 2021, provided Respondent complies with the following terms and conditions. Respondent shall be actively suspended from the practice of law for a period of six (6) months beginning May 1, 2020, and ending October 31, 2020. The twelve (12) month period of probated suspension shall begin on November 1, 2020, and shall end on October 31, 2021. If Respondent complies with all of the following terms and conditions timely, the twelve (12) month period of probated suspension shall begin on November 1, 2020, and shall end on October 31, 2021:

1. Respondent shall pay all reasonable and necessary attorney's fees and direct expenses to the State Bar of Texas in the amount of Six Thousand Four Hundred and no/100 Dollars ($6,400.00). The payment of attorney's fees and direct expenses shall be made in six (6) monthly installments, with the first five (5) payments in the amount of One Thousand Sixty Six Dollars and 67/100 ($1,066.67), and the final payment in the amount of One Thousand Sixty Six Dollars and 65/100 ($1,066.65). Each payment is due on or before the (1st) day of each month, beginning May 1, 2020, and ending with the sixth (6th) and final payment on October 1, 2020. The attorney's fees and expense payment shall be made by certified or cashier's check or money order, made payable to the State Bar of Texas, and delivered to the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701).

2. Respondent shall make contact with the Chief Disciplinary Counsel's Offices' Compliance Monitor at 877-953-5535, ext. 1334 and Special Programs

Coordinator at 877-953-5535, ext. 1323, not later than seven (7) days after receipt of a copy of this judgment to coordinate Respondent's compliance.

Should Respondent fail to comply with all of the above terms and conditions timely, Respondent shall remain actively suspended until the date of compliance or until October 31, 2021, whichever occurs first.

### Terms of Active Suspension

It is further **ORDERED** that during the term of active suspension ordered herein, or that may be imposed upon Respondent by the Court as a result of a probation revocation proceeding, Respondent shall be prohibited from practicing law in Texas; holding himself out as an attorney at law; performing any legal services for others; accepting any fee directly or indirectly for legal services; appearing as counsel or in any representative capacity in any proceeding in any Texas or Federal court or before any administrative body; or holding himself out to others or using his name, in any manner, in conjunction with the words "attorney at law," "attorney," "counselor at law," or "lawyer."

It is further **ORDERED** that, on or before May 1, 2020, Respondent shall notify each of Respondent's current clients and opposing counsel in writing of this suspension.

In addition to such notification, it is further **ORDERED** Respondent shall return any files, papers, unearned monies and other property belonging to current clients in Respondent's possession to the respective clients or to another attorney at the client's request.

It is further **ORDERED** Respondent shall file with the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701), on or before May 1, 2020, an affidavit stating all current clients and

opposing counsel have been notified of Respondent's suspension and that all files, papers, monies and other property belonging to all current clients have been returned as ordered herein.

It is further **ORDERED** Respondent shall, on or before May 1, 2020, notify in writing each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice of each and every court or tribunal in which Respondent has any matter pending of the terms of this judgment, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Respondent is representing. Respondent shall not be required to do so in cases where he is appearing pro se.

It is further **ORDERED** Respondent shall file with the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701), on or before May 1, 2020, an affidavit stating Respondent has notified in writing each and every justice of the peace, judge, magistrate, and chief justice of each and every court in which Respondent has any matter pending of the terms of this judgment, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Respondent is representing in Court.

It is further **ORDERED** that, on or before May 1, 2020, Respondent shall surrender his law license and permanent State Bar Card to the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701), to be forwarded to the Supreme Court of Texas. In the event Respondent's law license or State Bar Card cannot be located, Respondent shall, on or before May 1, 2020, file an affidavit with the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box

12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701), stating that his law license and/or State Bar Card cannot be located.

### Terms of Probation

It is further **ORDERED**, that during all periods of suspension, Respondent shall be under the following terms and conditions:

3. Respondent shall not violate any term of this judgment.

4. Respondent shall not engage in professional misconduct as defined by Rule 1.06(W) of the Texas Rules of Disciplinary Procedure.

5. Respondent shall not violate any state or federal criminal statutes.

6. Respondent shall keep State Bar of Texas membership department notified of current mailing, residence and business addresses and telephone numbers.

7. Respondent shall comply with Minimum Continuing Legal Education requirements.

8. Respondent shall comply with Interest on Lawyers Trust Account (IOLTA) requirements.

9. Respondent shall promptly respond to any request for information from the Chief Disciplinary Counsel in connection with any investigation of any allegations of professional misconduct.

10. Respondent shall make contact with the Chief Disciplinary Counsel's Offices' Compliance Monitor at 877-953-5535, ext. 1334 and Special Programs Coordinator at 877-953-5535, ext. 1323, not later than seven (7) days after receipt of a copy of this judgment to coordinate Respondent's compliance.

### Attorney's Fees and Expenses

It is further **ORDERED** Respondent shall pay all reasonable and necessary attorney's fees and direct expenses to the State Bar of Texas in the amount of Six Thousand Four Hundred and no/100 Dollars ($6,400.00). The payment of attorney's fees and direct expenses shall be made in six (6) monthly installments, with the first five (5)

payments in the amount of One Thousand Sixty Six Dollars and 67/100 ($1,066.67), and the final payment in the amount of One Thousand Sixty Six Dollars and 65/100 ($1,066.65). Each payment is due on or before the (1st) day of each month, beginning May 1, 2020, and ending with the sixth (6th) and final payment on October 1, 2020. The attorney's fees and expense payment shall be made by certified or cashier's check or money order, made payable to the State Bar of Texas, and delivered to the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701).

It is further **ORDERED** that all amounts ordered herein are due to the misconduct of Respondent and are assessed as a part of the sanction in accordance with Rule 1.06(FF) of the Texas Rules of Disciplinary Procedure. Any amount not paid shall accrue interest at the maximum legal rate per annum until paid and the State Bar of Texas shall have all writs and other post-judgment remedies against Respondent in order to collect all unpaid amounts.

It is further **ORDERED** that Respondent shall remain actively suspended from the practice of law as set out above until such time as Respondent has completely paid attorney fees and direct expenses in the amount of Six Thousand Four Hundred Dollars and No/100 ($6,400.00) to the State Bar of Texas.

### Probation Revocation

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that if evidence arises that Respondent has committed professional misconduct or has violated any term of this judgment, the State Bar of Texas may, in addition to all other remedies available, file a motion to revoke probation with the District Court in the County of Respondent's residence

or place of practice and serve a photocopy of the Motion on Respondent pursuant to Tex.R.Civ.P. 21a.

The Court shall, without the aid of a jury and within thirty (30) days of service of the motion upon Respondent, conduct an evidentiary hearing. At the hearing, the Court shall determine by a preponderance of the evidence whether Respondent has violated any term or condition of probation of this Judgment. If the Court finds that Respondent has committed acts of professional misconduct during the period of probated suspension or violated any term of this probation or this Judgment, the Court shall enter an Order revoking probation and placing Respondent on active suspension from the date of such revocation order. Upon revocation, Respondent shall be actively suspended for the full six (6) month term of suspension and shall not be given credit for any term of probation served prior to the revocation. An order revoking probation may not be superseded or stayed.

**IT IS FURTHER ORDERED** that any conduct on the part of Respondent which serves as the basis for a motion to revoke probation may also be brought as independent grounds for discipline as allowed under the Texas Disciplinary Rules of Professional Conduct and Texas Rules of Disciplinary Procedure and/or the State Bar Rules.

### Publication

This suspension shall be made a matter of record and appropriately published in accordance with the Texas Rules of Disciplinary Procedure.

### Order to District Clerk

**IT IS FURTHER ORDERED** that the Clerk of this Court shall forward a certified copy of the current *Disciplinary Petition* on file in this case, along with a certified copy of this *Agreed Judgment of Partially Probated Suspension,* to the following: (1) Clerk of the

Supreme Court of Texas, Supreme Court Building, P.O. Box 12248, Austin, Texas 78711-2248; (2) Heather White, Office of the Chief Disciplinary Counsel, State Bar of Texas, P.O. Box 12487, Austin, Texas 78711-2487; (3) Kristin V. Brady, Assistant Disciplinary Counsel, Office of the Chief Disciplinary Counsel, State Bar of Texas, 14651 Dallas Parkway, Suite 925, Dallas, Texas 75254-8867; and (4) Respondent, by and through his attorney of record, Alan K. Taggart, 2490 W. White Avenue, McKinney, Texas 75071-3104.

### Other Relief

All requested relief not expressly granted herein is expressly DENIED.

SIGNED this 30th day of April, 2020.

_____
**Honorable Dennise Garcia**
**Judge Presiding by Appointment**

**AGREED AS TO BOTH FORM AND SUBSTANCE:**

_____
Jason Lee Van Dyke
State Bar No. 24057426
**Respondent**

_____
Kristin Virginia Brady
State Bar No. 24082719
**Counsel for Petitioner**

/s/ Alan K. Taggart/s/
_____
Alan K. Taggart
State Bar No. 19608474
**Counsel for Respondent**