**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE COMMUNITY CHURCH OF CHESTERLAND, et al. | : : : | |
| | : | Civil Action No.  1:2024-cv-00642 |
| Plaintiffs, | : : | |
| v. | : : : | |
| | : | Magistrate Judge Bridget Meehan Brennan |
| AIMENN D. PENNY, et al. | : : : | |
| Defendants. | : | **JURY DEMAND ENDORSED HEREON** |

**ANSWER OF DEFENDANTS BRANDON PERDUE AND SHERRI PERDUE**

Now comes Defendants Brandon Perdue and Sherri Perdue (collectively "Defendants") by and through undersigned counsel, and for their answer to Plaintiffs' Complaint, allege and state as follows:

1) Paragraphs 1 and 13 of Plaintiffs' Complaint contain only statements of intention to which no responsive pleading is required.  To the extent that any facts are alleged therein, Defendants deny the same.

2) Defendants deny that they participated in any sort of "conspiracy" to damage Plaintiffs' property and/or to interfere with Plaintiffs' First Amendment rights and, furthermore, they deny that any such "conspiracy" ever existed.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraphs 2, 59, 60, 61, 79, 89, 90, 109, 110, 119, 145, 146, 147, 148, and 169  of Plaintiffs' Complaint and they therefore deny the same.

3) Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 3, 4, 7, 9, 10, 11, 12, 19, 20, 21, 22, 23, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 70, 71, 72, 73, 74, 75, 76, 77, 78, 80, 81, 82, 84, 85, 86, 88, 90, 91, 92, 94, 95, 97, 98, 99, 100, 101, 102, 103, 104, 105, 108, 113, 114, 115, 116, 117, 118, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 153, 154, 155, 156, 159, 188, 191, 199, 200, 201, 202 of Plaintiffs' Complaint and they therefore deny the same.

4) Defendants deny that they are or ever were formal "members" of an Ohio chapter of White Lives Matter. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraphs 5 and 24 of Plaintiffs' Complaint and they therefore deny the same.

5) Defendants deny the allegations contained in Paragraphs 6, 28, 32, 66, 67, 68, 69, 79, 83, 87, 93, 96, 106, 107, 111, 112, 149, 150, 151, 152, 157, 158, 161, 162, 163, 164, 165, 168, 170, 171, 174, 175, 176, 181, 182, 183, 184, 186, 187, 189, 192, 193, 195, 196, 197, 198, 203 and 204 of Plaintiffs' Complaint.

6) Defendants deny that they participated in any sort of "conspiracy" to deprive The Community Church of Chesterland of the use of its property and, furthermore, they deny the existence of any such "conspiracy." Defendants further deny that they engaged in any unlawful actions that intentionally or unintentionally interfered with Plaintiffs' free exercise of religion. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraphs 8 and 65 of Plaintiffs' Complaint and they therefore deny the same.

7) Defendants deny that they engaged in any sort of "conspiracy" or any other sort of conduct that was the direct and proximate cause of Plaintiffs' supposed injuries. The remaining allegations contained in Paragraph 14 of Plaintiffs' Complaint are statements of intention to which no responsive pleading is required. To the extent that any facts are alleged therein, Defendants deny the same.

8) Paragraphs 15, 16, 17, 26, 58, and 177 of Plaintiffs' Complaint contain only legal conclusions to which no responsive pleading is required. To the extent that any facts are alleged therein, Defendants deny the same.

9) In response to Paragraphs 18, 25, 160, 166, 172, 178, 185 and 194 of Plaintiff's Complaint, Defendants incorporate by reference all of the preceding paragraphs of this Answer as if fully rewritten herein.

10) Paragraphs 27, 29, 30, 31, 167, 173, 179, and 180 of Plaintiffs' Complaint contain only legal conclusions and/or quoted statues that speak for themselves such that no responsive pleading is required. To the extent that any facts are alleged therein, Defendants deny the same.

11) Defendants admit that they attended protest rallies on January 14, 2023, February 11, 2023, February 25, 2023, and March 11, 2023. Further responding, to the best of Defendants' recollections, Defendant Penny was also in attendance at the protest events occurring on February 11, 2023 and March 11, 2023. Defendants deny the remaining allegations contained in Paragraphs 62, 63, and 64 of Plaintiffs' Complaint.

12) Defendants admit that they attended a protest rally on January 14, 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations contained in Paragraph 81 of Plaintiffs' Complaint and they therefore deny the same.

13) Defendants deny that they performed any acts, intentional or unintentional, that were the direct and proximate cause of Plaintiffs' supposed injuries. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 190 of Plaintiffs' Complaint and they therefore deny the same.

14) Defendants deny each and every allegation in Plaintiffs' Complaint not specifically admitted herein.

## FIRST DEFENSE

15) Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

16) Plaintiffs' Complaint fails to identify and set forth any specific act performed by Defendants in furtherance of the alleged "conspiracy."

## THIRD DEFENSE

17) At all relevant times, Defendants were exercising their rights to free speech as protected and guaranteed by both the Ohio Constitution and the United States Constitution.

## FOURTH DEFENSE

18) Plaintiffs' claims for damages may be barred, in whole or in part, by intervening or superseding acts, omissions, or causes and/or by the acts or omissions of other individuals or entities whom Defendants have no control or right of control.

## FIFTH DEFENSE

19) Plaintiffs' claims are barred due to a failure to join necessary and indispensable parties.

## SIXTH DEFENSE

20) Plaintiffs' claims may be barred by the applicable statutes of limitations.

## SEVENTH DEFENSE

21) Defendants hereby give notice of their intention to rely upon any other affirmative defenses that might become available or apparent during the course of discovery and hereby reserve the right to amend this Answer to assert such defense or defenses.

Respectfully Submitted,

/s/ Gary W. Salters
_____
Gary W. Salters (0075470)
Counsel for Defendants Brandon
Perdue and Sherri Perdue
175 South Third St., Suite 200
Columbus, Ohio 43215
voice:  (614) 636-5297
fax:  (614) 386-0184
gary@salterslegal.com

## JURY DEMAND

Defendants Brandon Perdue and Sherri Perdue hereby demand a trial by jury on all issues herein so triable.

/s/ Gary W. Salters
_____
Gary W. Salters (0075470)
Counsel for Defendants Brandon
Perdue and Sherri Perdue

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system as certified by the Court's Certificate of Service generated upon filing.

/s/ Gary W. Salters
_____
Gary W. Salters (0075470)
Counsel for Defendants Brandon
Perdue and Sherri Perdue