# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THE COMMUNITY CHURCH OF CHESTERLAND OHIO, JESS PEACOCK, MEGAN CARVER, and CONSTANCE BECKER,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>AIMENN D. PENNY, BRANDON PERDUE, SHERRI PERDUE, CHRIS UTHE, and UNNAMED MEMBERS OF WHITE LIVES MATTER OHIO,<br><br>　　　　Defendants. | Civil Action No. 1:24-cv-00642-BMB<br><br>Judge Bridget Meehan Brennan<br><br><br><br>**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR LEAVE TO DEPOSE INCARCERATED DEFENDANT AIMENN D. PENNY** |

## INTRODUCTION

This is a civil rights action arising from Aimenn D. Penny's ("Penny"), Brandon Perdue's, Sherri Perdue's, Chris Uthe's, and unnamed members of White Lives Matter's (collectively, "Defendants") conspiracy to violate and deprive The Community Church of Chesterland, Ohio ("Community Church"), Jess Peacock, Megan Carver, and Constance Becker (collectively, "Plaintiffs") of their rights and property because of Defendants' discriminatory animus towards Community Church's religious beliefs and practices.  *See* Compl. ¶¶ 1, 58.  Specifically, Defendants conspired to (and did) cause damage to Community Church's property, interfered with Jess Peacock's, Megan Carver's, and Constance Becker's exercise of their religious freedom at the church, and intentionally inflicted emotional distress on Jess Peacock, Megan Carver, and Constance Becker.  *See* Compl. ¶ 1, Count V.  Indeed, on March 25, 2023, as part of the conspiracy, Defendant Penny trespassed on Community Church's property and threw two Molotov cocktails at the church, intending to "burn[ ] the entire church to the ground" in an effort to stop a planned drag show event.  Compl. ¶ 138; *see also United States v. Aimenn Penny*, No. 1:23-CR-00226 (N.D. Ohio Mar. 31, 2023), Affidavit, ECF No. 1-1, ¶ 12.

Defendant Penny pled guilty to two felony charges stemming from this attack on Community Church and, on January 29, 2024, was sentenced to 18 years imprisonment.  *See Penny*, No. 1:23-CR-00226 (N.D. Ohio Mar. 31, 2023), Judgment, ECF No. 34.  Defendant Penny is currently serving his sentence at FCI Hazelton, in Bruceton Mills, West Virginia.  The Parties now seek to depose Defendant Penny as necessary for discovery in the above-captioned matter.

## ARGUMENT

Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure requires leave of court to conduct a deposition of a "deponent [] confined in prison."  The Rule further provides that "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)[.]"  FED. R. CIV. P. 30(a)(2).  Courts

2

within the Sixth Circuit interpreting Rule 30(a)(2)(B) have generally concluded that leave should be granted "freely, as long as the deposition can be conducted without undue imposition on prison authorities." *El Camino Res., Ltd. v. Huntington Nat. Bank*, No. 1:07-CV-598, 2009 WL 1228680, at *1 (W.D. Mich. Apr. 30, 2009); *see also Kendrick v. Schnorbus*, 655 F.2d 727 (6th Cir. 1981) (affirming the district court's refusal to suppress the deposition testimony of an incarcerated deponent where the defendants did not obtain leave of court *before* taking the deposition); *Washington v. Miami Cnty. Bd. of Commissioners*, No. 3:20-CV-173, 2022 WL 952286, at *2 (S.D. Ohio Mar. 30, 2022) (granting motion to take deposition of deponent confined in prison); *Lovett v. Eaches*, No. 1:17-CV-757, 2018 WL 4927921, at *1 (S.D. Ohio Oct. 11, 2018), report and recommendation adopted, No. 1:17-CV-757, 2019 WL 978114 (S.D. Ohio Feb. 28, 2019) (granting leave to depose incarcerated plaintiff, who was unrepresented by counsel, because Fed. R. Civ. P. 26(b)(1) and (2) "permit discovery on any non-privileged, relevant matter"). Moreover, "[t]he language of Rule 30(a)(2) *requires* the [c]ourt to authorize a deposition unless the [requesting party] is seeking privileged, irrelevant, or unnecessarily costly information." *Moore v. Maly*, No. 4:18-CV-13845, 2022 WL 4456240, at *1 (E.D. Mich. Sept. 23, 2022) (emphasis added).

Here, this Court should grant the Parties' Joint Motion for Leave to Depose Defendant Penny because the information the Parties seek is relevant to the Plaintiffs' claims and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Further, the Parties (1) do not seek information that is cumulative, duplicative, or readily obtainable from another source; (2) have not had ample opportunity to obtain the information; and (3) do not seek information outside of the scope of what Rule 26(b)(1) permits. FED. R. CIV. P. 26(b)(2). As the Defendant who attacked Community Church on March 25, 2023, Defendant Penny likely possesses knowledge of particular facts relevant to this action, and a deposition of Defendant Penny is anticipated to yield testimony

3

important to Plaintiffs' case. In the event the Parties' motion is granted, the Parties will coordinate with FCI Hazelton to schedule the deposition consistent with the institution's policies and procedures.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court grant their Joint Motion for Leave to Depose Incarcerated Defendant Aimenn D. Penny.