# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THE COMMUNITY CHURCH OF CHESTERLAND OHIO, JESS PEACOCK, MEGAN CARVER, and CONSTANCE BECKER,<br><br>Plaintiffs,<br><br>v.<br><br>AIMENN D. PENNY, BRANDON PERDUE, SHERRI PERDUE, CHRIS UTHE, and UNNAMED MEMBERS OF WHITE LIVES MATTER OHIO,<br><br>Defendants. | Civil Action No. 1:24-cv-00642-BMB<br><br>Judge Bridget Meehan Brennan<br><br><br><br>**MOTION TO SHOW CAUSE** |

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs The Community Church of Chesterland, Ohio, Jess Peacock, Megan Carver, and Constance Becker ("Plaintiffs"), by and through their undersigned counsel, hereby move this Court to order nonparty Matthew Slatzer to appear and show cause as to why he should not be held in contempt for failing to comply with a Subpoena to Testify at a Deposition in a Civil Action. The grounds for this Motion are fully supported in the accompanying Memorandum in Support, which is incorporated herein by reference.

Dated: July 3, 2025

/s/ *Justin E. Herdman*
Justin E. Herdman (OH #80418)
**JONES DAY**
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
jherdman@jonesday.com

*Attorneys for Plaintiffs*
*Community Church of Chesterland Ohio,*
*Jess Peacock, Megan Carver, and*
*Constance Becker*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE COMMUNITY CHURCH OF CHESTERLAND OHIO, JESS PEACOCK, MEGAN CARVER, and CONSTANCE BECKER,<br><br>Plaintiffs,<br><br>v.<br><br>AIMENN D. PENNY, BRANDON PERDUE, SHERRI PERDUE, CHRIS UTHE, and UNNAMED MEMBERS OF WHITE LIVES MATTER OHIO,<br><br>Defendants. | Civil Action No. 1:24-cv-00642-BMB<br><br>Judge Bridget Meehan Brennan<br><br><br>**MEMORANDUM IN SUPPORT OF MOTION TO SHOW CAUSE** |

### INTRODUCTION

Plaintiffs The Community Church of Chesterland, Ohio ("Community Church"), Jess Peacock, Megan Carver, and Constance Becker (collectively, "Plaintiffs") served nonparty Matthew Slatzer with a Rule 45 subpoena to appear for a deposition on matters related to Plaintiffs' claims against Defendants (the "Subpoena"). Although Mr. Slatzer was properly served with the Subpoena by a process server and never objected to the Subpoena, he failed to comply and appear at the deposition. To date, Mr. Slatzer has not contacted Plaintiffs' counsel to reschedule or otherwise excuse his nonappearance. Accordingly, and as described below, this Court should order Mr. Slatzer to appear and show cause why he should not be held in contempt for his failure to comply with the Subpoena.

### FACTS

This is a civil rights action arising from Defendants Aimenn D. Penny's, Brandon Perdue's, Sherri Perdue's, Chris Uthe's, and unnamed members of White Lives Matter's (collectively,

"Defendants") conspiracy to violate and deprive Plaintiffs of their rights and property because of Defendants' discriminatory animus towards Plaintiffs' religious beliefs and practices.  *See* Compl. ¶¶ 1, 58.  Specifically, Defendants conspired to (and did) cause damage to Community Church's property, interfered with Mx. Peacock's, Ms. Carver's, and Ms. Becker's exercise of their religious freedom at the church, and intentionally inflicted emotional distress on Mx. Peacock, Ms. Carver, and Ms. Becker.  *See* Compl. ¶ 1, Count V.  Indeed, on March 25, 2023, as part of the conspiracy, Defendant Penny trespassed on Community Church's property and threw two Molotov cocktails at the church, intending to "burn[ ] the entire church to the ground" in an effort to stop a planned drag show event.  Compl. ¶ 138; *see also United States v. Aimenn Penny*, No. 1:23-CR-00226 (N.D. Ohio Mar. 31, 2023), Affidavit, ECF No. 1-1, ¶ 12.  Defendants conspired to attack Community Church at a series of White Lives Matter Ohio events that took place between December 2022 and March 2023, including at an event in Wadsworth, Ohio, on March 4, 2023.  *See* Compl. ¶¶ 60-61, 65-66.

On March 4, 2023, Defendants Penny and Uthe attended a White Lives Matter Ohio event with Mr. Slatzer.  *See* Compl. ¶¶ 60-61, 95-104; *see also* Adam Ferrise, *Neo-Nazi Sent Back to Prison after Distributing Flyers ahead of White Lives Matter Clash at Wadsworth Drag Queen Event*, Cleveland.com (last updated Mar. 17, 2023, 1:44 AM), https://www.cleveland.com/court-justice/2023/03/neo-nazi-sent-back-to-prison-after-distributing-flyers-ahead-of-white-lives-matter-clash-at-wadsworth-drag-queen-event.html.  This was an intimate event, with only five members of White Lives Matter attending, and involved White Lives Matter Ohio's opposition to an upcoming drag story time event—the same rationale underlying Defendants' attack on Community Church just weeks later.  As an attendee at this small event, Mr. Slatzer would have been privy to (and possibly involved in) conversations by and between Defendants Uthe and Penny

2

regarding the March 25, 2023 attack on Community Church. As such, Mr. Slatzer's deposition testimony is crucial to understanding the full extent, duration, and scope of any conspiracy that existed among White Lives Matter Ohio members as well as Defendants' involvement in the same.

Plaintiffs served a Subpoena to Testify at a Deposition in a Civil Action on Mr. Slatzer via process server on May 27, 2025, which included a check covering Mr. Slatzer's attendance and mileage to and from the deposition location. (*See* Exhibit 1, Affidavit of Service). The process server had to drop serve Mr. Slatzer because Mr. Slazter "ended up coming and shouting profanities" when the process server attempted service. (*Id*.) The subpoena required Mr. Slatzer to attend a deposition on June 6, 2025 at the Carl Stokes Federal Courthouse and bring certain documentation. (*See* Exhibit 2, Subpoena). This location is within 100 miles of Mr. Slatzer's residence in Canton, Ohio.

After Plaintiffs served the Subpoena, an individual named "Matt" contacted Jason Lee Van Dyke, counsel for Defendants, via Telegram asking for advice on how to respond to the subpoena. When Mr. Van Dyke refused to give "Matt" advice, "Matt" called Mr. Van Dyke a racial slur and blocked Mr. Van Dyke.[1]

Mr. Slatzer never objected to the Subpoena, moved to quash it, or otherwise contacted Plaintiffs' counsel regarding the Subpoena. Mr. Slatzer did not appear on the scheduled date of the deposition.

**LAW AND ARGUMENT**

Federal Rule of Civil Procedure Rule 45(g) provides that "[t]he court for the district where compliance is required … may hold in contempt a person who, having been served, fails without

---

[1] Plaintiffs have no documentation confirming this conversation occurred. However, Mr. Van Dyke made this representation to this Court during the June 6, 2025 Conference in Chambers.

3

adequate excuse to obey the subpoena or an order related to it." Mr. Slatzer's failure to appear for the deposition on June 6, 2025 pursuant to the Subpoena served upon him constitutes civil contempt of this Court. The Court should issue an order requiring Mr. Slatzer to appear and show cause as to why he should not be held in contempt.

To establish civil contempt, a moving party must prove by clear and convincing evidence that the other person violated a definite and specific order of the Court requiring that person to perform or refrain from performing a particular act or acts, with knowledge of that prior order. *Elec. Workers Pension Tr. Fund of Loc. Union |58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003). The burden then shifts to the contemnor, who "must show categorically and in detail why he or she is unable to comply with the court's order." *Id*. (quoting *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996)) (internal quotation marks omitted).

Here, Plaintiffs have met their burden. Plaintiffs properly issued and served a Subpoena requiring Mr. Slatzer to appear for a deposition on June 6, 2025. Not only did Mr. Slatzer fail to appear for the deposition, but he has also not reached out to Plaintiffs' counsel in any way to reschedule the deposition, explain his failure to appear, or otherwise. Further, there is no dispute that Mr. Slatzer had knowledge of this Subpoena. He received the Subpoena on May 27, 2025 and even reached out to Defendants' counsel to seek advice on how to respond. As such, Plaintiffs have established a prima facie case of civil contempt.

Plaintiffs respectfully request that this Court require Mr. Slatzer to come forward with evidence showing why he should not be held in contempt. If he cannot do so, Plaintiffs request that this Court enter an order finding Mr. Slazter in contempt.

## CONCLUSION

For the above reasons, Plaintiffs respectfully request that this Court require Mr. Slatzer appear and show cause as to why he should not be held in contempt under Federal Rule of Civil Procedure 45(g) for his failure to comply with Plaintiffs' Subpoena.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 3, 2025, a copy of Plaintiffs' Motion to Show Cause and accompanying Memorandum in Support were filed with the Clerk of the Court via the Court's CM/ECF system, which will send notification to all counsel of record. Further, a copy of the same was sent via USPS First Class Mail to the following:

Aimenn D.Penny (#51942-510)
FCI Hazelton
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, WV 26525

The undersigned further certifies that on July 3, 2025, a copy of the foregoing was sent via UPS Next Day Mail, Delivery Receipt Requested to the following:

Matthew Slatzer
1255 Clarendon Avenue SW
Canton, OH 44710

*/s/ Justin E. Herdman*
Justin E. Herdman (OH #80418)

*Attorneys for Plaintiffs*
*Community Church of Chesterland Ohio,*
*Jess Peacock, Megan Carver, and*
*Constance Becker*