**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| THE COMMUNITY CHURCH OF CHESTERLAND OHIO, JESS PEACOCK, MEGAN CARVER, and CONSTANCE BECKER, <br><br> Plaintiffs, <br><br> v. <br><br> AIMENN D. PENNY, BRANDON PERDUE, SHERRI PERDUE, CHRIS UTHE, and UNNAMED MEMBERS OF WHITE LIVES MATTER OHIO, <br><br> Defendants. | Civil Action No. 1:24-cv-00642-BMB <br><br> Judge Bridget Meehan Brennan <br><br><br> **MOTION TO SHOW CAUSE OR, IN THE ALTERNATIVE, COMPEL NONPARTY MALLORY MCMASTER TO COMPLY WITH RULE 45 SUBPOENA** |

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs The Community Church of Chesterland, Ohio, Jess Peacock, Megan Carver, and Constance Becker ("Plaintiffs"), by and through their undersigned counsel, hereby move this Court for an order for nonparty Mallory McMaster to appear and show cause as to why she should not be held in contempt for her failure to produce documents described in a Rule 45 subpoena duces tecum properly served upon her in the Northern District of Ohio.  Alternatively, Plaintiffs move this Court for an order compelling Mrs. McMaster to produce the requested documents.

Dated: July 11, 2025

*/s/ Justin E. Herdman*
  Justin E. Herdman (OH #80418)
  Michael S. Quinlan (OH # 88386)
  **JONES DAY**
  North Point
  901 Lakeside Avenue
  Cleveland, Ohio 44114
  Telephone: (216) 586-3939
  Facsimile: (216) 579-0212
  jherdman@jonesday.com

msquinlan@jonesday.com

*/s/ James Pasch*

James Pasch (OH #0086809)
**Anti-Defamation League**
605 Third Avenue
New York, NY 10158-3650
Tel: 212-885-5806
jpasch@adl.org

*Attorneys for Plaintiffs*
*Community Church of Chesterland Ohio,*
*Jess Peacock, Megan Carver, and*
*Constance Becker*

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| THE COMMUNITY CHURCH OF CHESTERLAND OHIO, JESS PEACOCK, MEGAN CARVER, and CONSTANCE BECKER, | Civil Action No. 1:24-cv-00642-BMB<br><br>Judge Bridget Meehan Brennan |
| Plaintiffs, | |
| v. | |
| AIMENN D. PENNY, BRANDON PERDUE, SHERRI PERDUE, CHRIS UTHE, and UNNAMED MEMBERS OF WHITE LIVES MATTER OHIO, | **MEMORANDUM IN SUPPORT OF MOTION TO SHOW CAUSE, OR, IN THE ALTERNATIVE, TO COMPEL DOCUMENT PRODUCTION** |
| Defendants. | |

**INTRODUCTION**

Plaintiffs The Community Church of Chesterland, Ohio ("Community Church"), Jess Peacock, Megan Carver, and Constance Becker (collectively, "Plaintiffs") served nonparty Mallory McMaster with a Rule 45 subpoena to produce documents related to Plaintiffs' claims against Defendants (the "Subpoena").  Although Mrs. McMaster was properly served with the Subpoena via USPS Certified mail on April 3, 2025 and acknowledged receipt of the Subpoena via email the same day, Mrs. McMaster has not produced the documents requested of her and as set forth in Exhibit A to the Subpoena.  Accordingly, and as described below, this Court should either issue an order for Mrs. McMaster to appear and show cause as to why she should not be held in contempt, or, in the alternative, issue an order compelling Mrs. McMaster to produce the requested documents.

**FACTS**

This is a civil rights action arising from Defendants Aimenn D. Penny's, Brandon Perdue's, Sherri Perdue's, Chris Uthe's, and unnamed members of White Lives Matter's (collectively, "Defendants") conspiracy to violate and deprive Plaintiffs of their rights and property because of Defendants' discriminatory animus towards Plaintiffs' religious beliefs and practices. *See* Compl. ¶¶ 1, 58. Specifically, Defendants conspired to (and did) cause damage to Community Church's property, interfered with Mx. Peacock's, Ms. Carver's, and Ms. Becker's exercise of their religious freedom at the church, and intentionally inflicted emotional distress on Mx. Peacock, Ms. Carver, and Ms. Becker. *See* Compl. ¶ 1, Count V. Indeed, on March 25, 2023, as part of the conspiracy, Defendant Penny trespassed on Community Church's property and threw two Molotov cocktails at the church, intending to "burn[ ] the entire church to the ground" in an effort to stop a planned drag show event. Compl. ¶ 138; *see also United States v. Aimenn Penny*, No. 1:23-CR-00226 (N.D. Ohio Mar. 31, 2023), Affidavit, ECF No. 1-1, ¶ 12. Defendants conspired to attack Community Church at a series of White Lives Matter Ohio events that took place between December 2022 and March 2023, including at an event in Wadsworth, Ohio, on March 11, 2023. *See* Compl. ¶¶ 60-66. The March 11, 2023 Wadsworth event was held in response to a drag queen story hour, similar to the type of story hour scheduled at Community Church the following month. *See id*. ¶ 105.

Mallory McMaster is the owner of the now-closed Fairmount Security Group ("Fairmount"). Fairmount provided security services for Community Church's drag brunch and story hour on April 1, 2023 following the church bombing the week prior. These security services may have been paid for by the Cleveland Foundation; however, the Cleveland Foundation communicated with Fairmount directly rather than through Plaintiffs. As such, Plaintiffs are not in possession of these documents, and need these communications from the Fairmount Group to

2

determine whether, and to what extent, the Cleveland Foundation funded the security services Fairmount provided Community Church.

Fairmount also provided a security assessment for Community Church after the White Lives Matter Ohio event in Wadsworth, Ohio on March 11, 2023, but before the attack on Community Church on March 25, 2023. This assessment identified people present in Wadsworth—including Aimenn Penny—that Fairmount anticipated could pose a threat to Community Church's upcoming drag brunch and story time event. Despite their best efforts, Plaintiffs have not been able to locate this document.

Plaintiffs notified Defendants of their intent to serve the Subpoena on Mallory McMaster on April 1, 2025. Defendants did not object. As such, Plaintiffs served the Subpoena on Mrs. McMaster via USPS certified mail later that same day, at 11467 Claridon Troy Road, Chardon, OH 44024. (*See* Exhibit 1, Subpoena; Exhibit 2; Signed Return Receipt). The Subpoena required Mrs. McMaster to produce responsive material on April 18, 2025. Plaintiffs set forth the requested documents in Exhibit A to the Subpoena:

1.    The security assessment You performed for Community Church in or around March 2023.

2.    All Documents and Communications related to security services You provided to Community Church.

3.    All Documents and Communications related to the grant You received from the Cleveland Foundation for security services You provided Community Church.

4.    All Documents and Communications related to Community Church.

On April 3, 2025, Mrs. McMaster emailed Plaintiffs, confirmed that she received the Subpoena, asked for an extension to produce documents after April 30, 2025 because of ongoing

health issues, and indicated she would reach back out after that time.  (*See* Exhibit 3, McMaster Email).  However, Mrs. McMaster has not reached back out to Plaintiffs or produced responsive documents.  Moreover, Mrs. McMaster neither objected to the subpoena pursuant to Rule 45(d)(2)(B), nor filed a motion to quash or modify the subpoena pursuant to Rule 45(d)(3).

## LAW AND ARGUMENT

Federal Rule of Civil Procedure Rule 45(g) provides that "[t]he court for the district where compliance is required … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Mrs. McMaster's failure to produce documents pursuant to the Subpoena served upon her constitutes civil contempt of this Court.  The Court should issue an order requiring Mrs. McMaster to appear and show cause as to why she should not be held in contempt, or, in the alternative, an order compelling Mrs. McMaster to produce documents.

To establish civil contempt, a moving party must prove by clear and convincing evidence that the other person violated a definite and specific order of the Court requiring that person to perform or refrain from performing a particular act or acts, with knowledge of that prior order. *Elec. Workers Pension Tr. Fund of Loc. Union |58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003).  The burden then shifts to the contemnor, who "must show categorically and in detail why he or she is unable to comply with the court's order."  *Id*. (quoting *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996)) (internal quotation marks omitted).  Further, Courts in the Sixth Circuit have ordered nonparties to appear and show cause as well as to produce requested documents in similar situations. *See, e.g., Welther v. Schlottman & Wagner, PC*, 2015 WL 1646546, at *3 (E.D. Mich. Apr. 14, 2015) (ordering nonparty to "appear and show cause" and "produce the requested documents at or before the time of the hearing" when the

4

nonparty "failed to properly produce the requested documents," "filed no objection", did "not move[ ] to quash the subpoena" and did not "respond[ ] to Plaintiff in any manner").

Here, Plaintiffs have met their burden.  Plaintiffs properly issued and served a Subpoena requiring Mrs. McMaster to produce documents.  Not only has Mrs. McMaster failed to object or move to quash the subpoena, but she has failed to reach out to Plaintiffs or produce documents for over two months after her self-imposed extension deadline.  Further, there is no dispute that Mrs. McMaster had knowledge of this Subpoena, as she reached out to Plaintiffs the same day she received the subpoena and requested an extension to respond..  As such, Plaintiffs have established a prima facie case of civil contempt.

Plaintiffs respectfully request that this Court require Mrs. McMaster to come forward with evidence showing why she should not be held in contempt.  Alternatively, Plaintiffs request that this court issue an order compelling Mrs. McMaster to produce documents.

## CONCLUSION

For the above reasons, Plaintiffs respectfully request that this Court issue an order for Mrs. McMaster to appear and show cause as to why she should not be held in contempt, or, alternatively, issue an order requiring Mrs. McMaster to produce the documents requested in the Subpoena.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 11, 2025, a copy of Plaintiffs' Motion to Show Cause or, in the Alternative, Compel and accompanying Memorandum in Support were filed with the Clerk of the Court via the Court's CM/ECF system, which will send notification to all counsel of record.  Further, a copy of the same was sent via USPS First Class Mail to the following:

Aimenn D. Penny (#51942-510)
FCI Hazelton
Federal Correctional Institution
P.O. Box 5000
Bruceton Mills, WV 26525

The undersigned further certifies that on July 11, 2025, a copy of the foregoing was sent via UPS Next Day Mail, Delivery Receipt Requested to the following:

Mallory McMaster
11467 Claridon Troy Road
Chardon, OH 44024

*/s/ Justin E. Herdman*
Justin E. Herdman (OH #80418)

*Attorneys for Plaintiffs*
*Community Church of Chesterland Ohio,*
*Jess Peacock, Megan Carver, and*
*Constance Becker*
