IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE COMMUNITY CHURCH OF CHESTERLAND OHIO, JESS PEACOCK, MEGAN CARVER, and CONSTANCE BECKER,<br><br>Plaintiffs,<br><br>v.<br><br>AIMENN D. PENNY, CHRIS UTHE, BRANDON PERDUE, SHERRI PERDUE, and UNNAMED MEMBERS OF WHITE LIVES MATTER OHIO<br><br>Defendants. | Civil Action No. 1:24-cv-00642-BMB |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CHRIS UTHE, BRANDON PERDUE, AND SHERRI PERDUE'S MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

1. This case arises from the alleged firebombing of the Community Church of Chesterland Ohio's ("Community Church") property on March 25, 2023, by Defendant Aimenn D. Penny. Plaintiffs allege that the Moving Defendants—Chris Uthe, Brandon Perdue, and Sherri Perdue—were part of a conspiracy with Penny and others to deprive Plaintiffs of their civil rights, interfere with their religious freedom, and commit related state-law torts. The Complaint asserts claims under 42 U.S.C. § 1985(3) (Conspiracy to Interfere with Civil Rights), 18 U.S.C. § 248 (Freedom of Access to Clinic Entrances Act, or "FACE Act"), Ohio Revised Code §§ 2307.60 and

2307.70 (Civil Liability for Vandalism, Desecration, or Ethnic Intimidation), common-law trespass to land, and common-law intentional infliction of emotional distress ("IIED"). Plaintiffs also seek attorney fees under 42 U.S.C. § 1988.

2. Discovery is complete, and Plaintiffs have produced no evidence that the Moving Defendants participated in, agreed to, or even knew about the alleged firebombing or any specific acts of violence or property damage directed at Plaintiffs. The Complaint's allegations against the Moving Defendants are limited to their purported membership in White Lives Matter Ohio and attendance at unrelated public protests and rallies, where they allegedly distributed flyers, held signs, and shouted offensive statements. Such conduct, even if true, does not constitute evidence of a conspiracy to commit the specific acts alleged here and constitutes protected speech under the First Amendment to the United States Constitution.

3. Under the *Celotex* standard, summary judgment is warranted because Plaintiffs cannot meet their burden to produce evidence creating a genuine issue of material fact on essential elements of each claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

4. The alleged firebombing of the Community Church property occurred on March 25, 2023, and was carried out solely by Defendant Aimenn D. Penny. (Compl. ¶¶ 8-10, 125-131.)

5. Penny pleaded guilty to federal charges related to the incident, including violations of 18 U.S.C. § 247 and § 844. (Compl. ¶ 10.)

6. The Moving Defendants did not participate in the firebombing.

7. Plaintiffs have no evidence that the Moving Defendants agreed with Penny or anyone else to commit the firebombing or any acts of violence or property damage against Plaintiffs.

8. Plaintiffs have no evidence that the Moving Defendants knew about Penny's plans for the firebombing prior to its occurrence.

9. Plaintiffs have no evidence that the Moving Defendants committed any overt act in furtherance of the firebombing of Community Church. Similarly, there is no evidence that they provided any aid, encouragement, or support to Penny in connection with the firebombing.

10. The Complaint's allegations against the Moving Defendants are based solely on their alleged attendance at public rallies and protests unrelated to the Community Church, where they purportedly engaged in protected speech activities such as holding signs and shouting. (Compl. ¶¶ 60-63, 79-93, 96-111, 116-120.)

11. After the firebombing, Penny attempted to send communications from jail, but Plaintiffs have no evidence that the Moving Defendants were intended recipients or acted on them. (Compl. ¶ 12)

### III.   LEGAL STANDARD

12. Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party need not produce evidence negating the opponent's case; instead, it may point to an absence of evidence supporting the nonmovant's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 - 325

(1986). Once the movant does so, the burden shifts to the nonmovant to produce "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). The court views the evidence in the light most favorable to the nonmovant but does not weigh evidence or make credibility determinations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Mere speculation or conclusory allegations are insufficient to defeat summary judgment. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## IV.    ARGUMENT

### A.   Summary Judgment Is Warranted on Count I: Conspiracy to Interfere with Civil Rights Under 42 U.S.C. § 1985(3)

13. To prevail on a § 1985(3) claim, Plaintiffs must prove: (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. Plaintiff must also establish that the conspiracy was motivated by a class-based animus. *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). A conspiracy requires evidence of an agreement among the conspirators. *Hooks v. Hooks*, 771 F.2d 935 (6th Cir.1985).

14. Plaintiffs have no evidence of any agreement involving the Moving Defendants to deprive Plaintiffs of their rights, much less one tied to the firebombing. The Complaint alleges a broad conspiracy based on the Moving Defendants' attendance

at rallies (Compl. ¶¶ 60-63, 79-120), but no discovery evidence links them to Penny's actions. There is no evidence of communications, planning, or knowledge regarding the firebombing. Without evidence of an agreement or overt acts by the Moving Defendants in furtherance of the specific conspiracy alleged, this claim fails under *Celotex*.

**B. Summary Judgment Is Warranted on Count II: Violation of the FACE Act Under 18 U.S.C. § 248 (Against All Defendants)**

15. The FACE Act prohibits using force, threats of force, or physical obstruction to injure, intimidate, or interfere with persons exercising religious freedom at a place of worship, or damaging such property. 18 U.S.C. § 248(a)(2)-(3). Civil liability requires proof of intentional conduct. *Id.* § 248(c)(1). A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged co-conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Hooks*, 771 F.2d at 943-44.

16. In this case, Plaintiffs have no evidence that the Moving Defendants used force, threatened force, obstructed, or damaged the church property. Nor is there evidence they conspired with Penny to do so. The Complaint's references to rallies and speech (Compl. ¶¶ 96-111) do not constitute FACE Act violations, and no discovery

evidence ties the Moving Defendants to the firebombing. Under *Celotex*, the absence of evidence on these elements warrants summary judgment.

### C. Summary Judgment Is Warranted on Count IV: Civil Liability for Vandalism, Desecration, or Ethnic Intimidation Under Ohio Rev. Code §§ 2307.60 and 2307.70

17. Ohio Rev. Code § 2307.60 provides a civil remedy for injury from criminal acts, including vandalism or desecration motivated by bias. Section 2307.70 similarly addresses ethnic intimidation. Conspiracy liability under Ohio law requires an agreement and malicious acts in furtherance. *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998). Additionally, an underlying unlawful or tortious act is required before any conspiracy claim can succeed. *Id*.

18. Plaintiffs have no evidence that the Moving Defendants committed or conspired to commit vandalism, desecration, or intimidation against Plaintiffs. The firebombing was Penny's act alone, and no evidence shows the Moving Defendants' involvement, agreement, or knowledge. Mere association with a group or attendance at protests (Compl. ¶¶ 83, 87, 93, 106) is insufficient. Summary judgment is proper under *Celotex*.

### D. Summary Judgment Is Warranted on Count V: Common-Law Trespass to Land

19. Trespass requires: (1) unauthorized intentional entry onto land; (2) in possession of another. *Baker v. Shymkiv*, 451 N.E.2d 811, 813 - 814 (Ohio Ct. App. 1982). Conspiracy to trespass requires evidence of agreement to commit the entry. See *Williams*, 700 N.E. 2d at 868.

20. Plaintiffs have no evidence that the Moving Defendants entered the church property or agreed with Penny to do so. The Complaint attributes the trespass solely to Penny (Compl. ¶¶ 8, 131, 187). No discovery evidence implicates the Moving Defendants. This claim fails under *Celotex*.

E. **Summary Judgment Is Warranted on Count VI: Common-Law Intentional Infliction of Emotional Distress**

21. In order to recover on an action for intentional infliction of serious emotional stress four elements must be proved: 1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; 2) that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community." *Pyle v. Pyle*, 463 N.E.2d 98, 103 (Ohio Ct. App. 1983). Conspiracy liability demands evidence of agreement. See *Williams*, 700 N.E. 2d at 868. There is no evidence of conspiracy as alleged in the Complaint. See Compl. ¶ 168.

22. The remaining allegations of IIED referenced in the Complaint, even if there was evidence to support them, are clearly examples of speech protected under the First Amendment. Specifically, the Complaint alleges that Moving Defendants committed IIED by:

    a. "threatening to appear outside of Community Church's Drag Storytime event . . ." Compl. ¶ 195.

    b. "threatening to rally against Community Church's Drag Storytime event . . . so that Community Church would cancel the Drag Storytime event." Compl. ¶ 196.

23. Plaintiffs have no evidence of outrageous conduct by the Moving Defendants directed at Plaintiffs, much less intent or causation related to the firebombing. Allegations of rally participation (Compl. ¶¶ 110-111) do not rise to IIED, and no evidence links them to Penny's acts.

24. Even if Plaintiff could prove threats to "appear" or "rally" outside of Community Church, these would be nothing more than threats to engage in entirely lawful conduct under the First Amendment. This Court is bound by the precedent set in *Gerber v. Herskovitz*, where the Sixth Circuit rejected claims by congregants of Beth Israel Synagogue against protesters who would regularly appear in front of the synagogue and across the street from it at times coinciding with worship services. 14 F.4th 500, 504 (6th Cir. 2021). If the Sixth Circuit rejected claims where protesters actually appeared and rallied outside of a church, acts of threatening to appear and rally must also be rejected. Summary judgment is warranted.

**F. Plaintiffs' Claim for Attorney Fees Fails as a Matter of Law**

25. 42 U.S.C. § 1988 allows fees to prevailing parties in civil rights actions. Because summary judgment is proper on the underlying claims, no fees are recoverable.

## V. PRAYER

26. For the foregoing reasons, the Moving Defendants pray that this Honorable Court grant summary judgment in their favor on all claims, dismiss them from this action with prejudice, and award costs and any other relief deemed just.

          Respectfully submitted,

    **MAGANA & VAN DYKE, PLLC**

/s/ Jason Lee Van Dyke
Jason Lee Van Dyke
State Bar No. 24057426
1417 E. McKinney Street, #110
Denton, TX 76209
P – (940) 382-1976
F – (469) 453-3031
Email:  jason@maganavandyke.com

Attorney for Chris Uthe, Brandon Perdue and Sherri Perdue

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2026, a true and accurate copy of the foregoing were served via ECF procedures of this Court to all counsel of record.

          /s/ Jason Lee Van Dyke
          JASON LEE VAN DYKE